UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JOSE LUIS BECERRA PEREZ,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. CIV-25-1560-R |
| | ) |
| **SCARLET GRANT, et al.,** | ) |
| | ) |
| Respondents. | ) |

# ORDER

Petitioner, a citizen of Mexico that entered the United States without inspection, is currently in the custody of the U.S. Immigration and Customs Enforcement. His removal proceedings are ongoing and he is currently detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A). He filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] contending that § 1225(b)(2)(A) does not apply to noncitizens like him who previously entered the country without inspection and that his continued detention without a bond hearing violates his due process rights. Respondents filed a Response in Opposition [Doc. No. 10] and Petitioner replied [Doc. No. 12].

The key question in this case is whether Petitioner is properly detained pursuant to § 1225(b)(2)(A) or whether he must instead be detained pursuant to § 1226(a). The issue is significant because § 1225(b)(2)(A) provides for mandatory detention whereas § 1226(a) provides for conditional parole or release on bond pending a decision in the removal proceedings.

1

However, before reaching the merits, the Court addresses two jurisdictional challenges asserted by Respondents. Respondents first argue that this Court lacks jurisdiction to consider the Petition because 8 U.S.C. §§ 1252(a)(5) and 1252(b)(9) channel claims related to removal orders to the appropriate court of appeals. Section 1252(a)(5) provides that a petition for review with the court of appeals "shall be the sole and exclusive means for judicial review of an order of removal" and § 1252(b)(9) provides that "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section." However, because Petitioner is challenging his order of detention, and not an order of removal, these provisions do not deprive the Court of jurisdiction. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (holding that "§ 1252(b)(9) does not present a jurisdictional bar" because habeas petitioners "are not asking for review of an order of removal" or "challenging the decision to detain them in the first place or to seek removal").

Respondents next argue that 8 U.S.C. § 1252(g) precludes district courts from considering challenges to the basis on which the government chose to commence removal proceedings. Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). The Supreme Court has repeatedly indicated that this provision is to be read narrowly and applies only to the three

discrete actions referenced in the statute, i.e. the "decision or action" to "commence proceedings, adjudicate cases, or execute removal orders." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999); *see also Jennings*, 583 U.S. at 294 (2018) ("We did not interpret this language to sweep in any claim that can technically be said to 'arise from' the three listed actions of the Attorney General. Instead, we read the language to refer to just those three specific actions themselves."); *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. 1891, 1907 (2020) ("Section 1252(g) is similarly narrow.")

Here, Petitioner is not challenging the discretionary decision to commence a removal proceeding or the process by which his removability will be adjudicated. Instead, he is challenging the legal question of whether he is subject to mandatory detention under § 1225(b)(2)(A) or detention under § 1226(a). As such, his claims do not fall within the narrow jurisdictional bar stated in 8 U.S.C. § 1252(g). *See Colin v. Holt,* No. CIV-25-1189-D, 2025 WL 3645176, at *2 (W.D. Okla. Dec. 16, 2025) ("Accordingly, because Petitioner does not challenge Respondents' decision to commence or adjudicate proceedings or execute removal orders, the Court concludes that 8 U.S.C. § 1252(g) does not jurisdictionally bar consideration of the Petition."); *Martinez Diaz v. Holt*, No. CIV-25-1179-J, 2025 WL 3296310, at *1 (W.D. Okla. Nov. 26, 2025) ("Because Petitioner does not challenge Respondents' decision to commence or adjudicate proceedings or execute removal orders, the Court concludes that § 1252(g) does not jurisdictionally bar his Petition.").

Turning to the merits of the dispute, Respondents contend that Petitioner is properly detained pursuant to § 1225(b)(2)(A). This provision states:

> Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

8 U.S.C. § 1225(b)(2)(A). Respondents contend this provision applies to Petitioner because he is plainly an "applicant for admission," which is defined as "an alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). Petitioner counters that § 1225(b)(2)(A) applies to recent arrivals and those seeking admission at a border and that a different provision, § 1226(a), applies to aliens that have been unlawfully living in the United States. *See* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.").

In a prior case that raised this same issue, the undersigned previously concluded that that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. *See Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL 3709021, at *2 (W.D. Okla. Dec. 22, 2025). In reaching this conclusion, the Court found the analysis in *Casañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F. 4th 1048 (7th Cir. 2025), to be persuasive. The Seventh Circuit, relying on the text and structure of the two provisions, concluded that the government's argument was likely to fail on the merits:

> That's because § 1225(a)(1) defines an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). And while a noncitizen arrested in the

4

> Midwest might qualify as "an alien present in the United States who had not been admitted," § 1225(a)(1), the mandatory detention provision upon which Defendants rely, limits its scope to an "applicant for admission" who is "seeking admission," § 1225(b)(2)(A). Put another way, "U.S. immigration law authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2). It also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings under §§ 1226(a) and (c)."

*Id.* at 1061 (quoting *Jennings,* 583 U.S. at 289). The Court again concludes that "§ 1225(b)(2)(A) unambiguously requires that an 'applicant for admission' also be 'seeking admission' for the section to control." *Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *2 (W.D. Okla. Dec. 16, 2025).

The Court also rejects Respondent's argument that the statute's reference to "aliens seeking admission" is just another way of referring to aliens who are "applicants for admission," as that reading would render the phrase "seeking admission" redundant. *See Castanon-Nava*, 161 F.4th at 1061 ("Defendants' construction would render § 1225(b)(2)(A)'s use of the phrase 'seeking admission' superfluous, violating one of the cardinal rules of statutory construction."); *Medina-Herrera, v. Noem.*, No. CIV-25-1203-J, 2025 WL 3460946, at *3 (W.D. Okla. Dec. 2, 2025) ("[I]f all applicants for admission are also 'seeking admission,' then § 1225(b)(2)(A)'s inclusion of the phrase 'seeking admission' would be redundant."); *Corona Diaz v. Olson*, No. 25 CV 12141, 2025 WL 3022170, at *4 (N.D. Ill. Oct. 29, 2025) ("Because of § 1225(a)(1), the universe of 'applicants for admission' is not coextensive with noncitizens 'seeking admission.' If the categories overlapped perfectly, there would be no need for Congress to have used the phrase 'seeking admission' in § 1225(b)(2)(A).").

Here, Petitioner has been unlawfully living in the United States for many years without seeking admission and was present in the country when he was detained. Accordingly, the mandatory detention provision contained in § 1225(b)(2)(A) does not apply to him. Instead, Petitioner's detention is controlled by § 1226(a) and he is entitled to a prompt bond hearing.[1] This conclusion is in accordance "with the vast majority of district courts in this judicial district, in district courts within the Tenth Circuit and across the country to have addressed the same issues as those raised by Petitioner." *Toledo Santos v. Grant*, No. CIV-25-1433-SLP, 2026 WL 184287, at *2 (W.D. Okla. Jan. 23, 2026) (footnotes omitted).

Accordingly, the Petition is GRANTED in part[2] and Respondents are directed to provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a) or otherwise release Petitioner.

IT IS SO ORDERED this 5th day of February, 2026.

*[signature: David L. Russell]*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] The Court also rejects Respondent's argument that Petitioner's application for cancellation of removal means that he is seeking admission within the meaning of the statute. *See Medina-Herrera*, 2025 WL 3460946, at *4 (finding that "Petitioner's application to cancel his 2024 removal does not transform him into a person "seeking admission" within § 1225(b)(2)'s context").

[2] Given that the Court has granted Petitioner's request for a bond hearing, the Court declines to address Petitioner's due process claim at this time.